# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-247 |
| ) | |
| PAUL LYN GRAVES, ) | Judge Cathy Bissoon |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's Motion (Doc. 38) to dismiss Count IV of the Indictment, charging him with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), will be denied.

Defendant's facial challenge to Section 922(g)(1) is rejected. U.S. v. Owens, 2023 WL 6624208, *1 (W.D. Pa. Oct. 10, 2023) (Bissoon, J., collecting cases). A facial challenge requires that no set of circumstances exists wherein the statutory provision is valid. U.S. v. Woods, 2025 WL 1643700, *6-*7 (W.D. Pa. Jun. 10, 2025) (citation to quoted and other sources omitted). Given the numerous binding decisions recognizing that at least *some* restrictions under 922(g)(1) are (or may be) valid, the seeming reluctance to put this argument to bed is perplexing. Until that happens, the Court will continue to rely on the highly persuasive authority that facial challenges to 922(g)(1) are without merit.

The real issue here is the as-applied challenge, and it likewise fails. Defendant was convicted of assault in violation of 18 Pa. Cons. Stat. § 2701(a)(1) – graded as a first degree misdemeanor. This is asserted by the government, uncontested by Defendant and confirmed in the public record:

```
                COURT OF COMMON PLEAS OF CRAWFORD COUNTY
                                    DOCKET
                                              Docket Number: CP-20-CR-0000927-2014
                                                              CRIMINAL DOCKET
                                                                      Court Case

                           Commonwealth of Pennsylvania
                                        v.                                    Page 2 of 6
                                   Paul L. Graves
                                     CHARGES
  Seq.    Orig Seq.    Grade    Statute        Statute Description       Offense Dt.    OTN
   2         2          M1     18 § 2701 §§ A1  Simple Assault            08/01/2014   T 554226-1
                          DISPOSITION SENTENCING/PENALTIES
Disposition
  Case Event                        Disposition Date                Final Disposition
    Sequence/Description              Offense Disposition              Grade    Section
       Sentencing Judge                 Sentence Date                    Credit For Time Served
          Sentence/Diversion Program Type   Incarceration/Diversionary Period   Start Date
             Sentence Conditions

Waived for Court (Lower Court)   Defendant Was Present
  Lower Court Disposition               09/29/2014              Not Final
    2 / Simple Assault                  Waived for Court (Lower Court)   M1   18 § 2701 §§ A1
Guilty Plea
  Plea Court                            12/04/2014              Final Disposition
    2 / Simple Assault                  Guilty Plea                      M1   18 § 2701 §§ A1
       Stevens, Mark D.                 01/19/2015
          IPP                           Max of 24.00 Months
                                        Other
             To be subject to electronic monitoring for 3 mths.
             Successfully complete an approved anger managemetn and parenting program.  Successfully
             complete the Domestic Violence Intervention Program.
```

Criminal Docket, Ct. Comm. Pls. of Crawford Cnty. CP-20-CR-0000927-2014 at pg. 2 of 6.

Under the statute, the only infraction eligible for first-degree designation is one "against a child under 12 years of age by a person 18 years of age or older." § 2701(b)(2). The maximum penalty for this most serious misdemeanor is five years imprisonment. 18 Pa. Cons. Stat. §§106(b)(6), 1104(1).[1]

---

[1] Through a comparative review of the many states, one reasonably may conclude that Defendant's misdemeanor conviction is one in name only. Pennsylvania and New Jersey stand alone in categorizing crimes punishable by five years as "misdemeanors." THE NATIONAL CONFERENCE OF STATE LEGISLATURES, *Misdemeanor Sentencing Trends* (updated Jan. 29, 2019, available at https://www.ncsl.org/civil-and-criminal-justice/misdemeanor-sentencing-trends). In a vast majority of states, such crimes are felonies. *Id.* The Court has not comprehensively reviewed the current law of all 50 states—nor does the information above qualify for judicial

2

Although the Court does not have access to the charging document, the government represents, and Defendant does not refute:

> According to the Information to which Defendant pleaded guilty, on or about August 1, 2014, Defendant, who was 21 years of age or older, caused or attempted to cause bodily injury to K.E.G, DOB: 9/27/10 (approximately 3 years and 10 months old), by striking her several times with a belt.

Doc. 52 at 6 (parenthetical in original). His state sentence included conditions requiring electronic monitoring, successfully completion of an approved anger management and/or parenting program and participation in a domestic violence intervention program. *See* Crim. Dkt., cited *supra*, at pg. 2 of 6. Defendant's reluctance to discuss the details is understandable.

A touchstone of recent Second Amendment jurisprudence is dangerousness. Range v. A.G., 124 F.4th 218, 230 (3d Cir. 2024) ("*Range II*") ("*Rahimi* did bless disarming (at least temporarily) physically dangerous people."). There is ample tradition for disarming people who pose a clear threat of physical violence to another. *Id.* (citations, internal quotations and alterations omitted). The parenthetical suggestion of temporal limitation in *Range II* is dicta,[2] and even were it not, the government is correct that not enough time has passed. Doc. 52 at 23-24; *compare* Crim. Dkt. above (state guilty plea entered in December 2014) *with* Doc. 3

---

notice. The point is, Defendant's milquetoast description of his conviction, as "a prior simple assault misdemeanor," does it no justice. *See* Doc. 38 at 2; *see also id.* (neglecting to mention the first degree classification, or the five-year maximum sentence, which is well in excess of the federal standard). Defendant's failure to acknowledge Pennsylvania's unconventional labeling – much like his silence regarding the offensive conduct – speaks volumes. *See* discussion *supra*, in main text. From the Court's perspective, counsel's opening presentation suggested a more thought-provoking discussion. With context came disappointment.

[2] U.S. v. Goodnight, 2025 WL 1276000, *1 (3d Cir. May 2, 2025) (rejecting argument that *Rahimi* supported "only temporary disarmament," because the decision "did not reach so far").

3

(federal Indictment filed in September 2022). Whether it constitutes a "lifetime ban" is not before the Court. *See* Doc. 52 at 23-24.

The crime of assault, in Pennsylvania, establishes a propensity for dangerousness. U.S. v. White, 2025 WL 384112, *2 (3d Cir. Feb. 4, 2025) (assault conviction evinces "an increased risk of physical danger to others") (citations and original quotations omitted); *accord* U.S. v. Roach, 2025 WL 871618, *3 (E.D. Pa. Mar. 20, 2025) ("even a conviction for simple assault . . . demonstrates a defendant's dangerousness"); U.S. v. Cooper, 2025 WL 611044, *2 (E.D. Pa. Feb. 25, 2025) (the elements of simple assault "speak directly to the physical threat that an individual poses to another and demonstrate that the person might engage in the types of confrontations that can escalate"). Notions of morality and decency aside,[3] violence against children and family members – often the most vulnerable populations – offends the law. It does now, and it has through the centuries. *See* U.S. v. Jackson, 138 F.4th 1244, 1254 (10th Cir. 2025) (holding same regarding "judicial determinations [that the defendant] engaged in violence against a family member or an intimate partner") (citation and original quotations omitted); U.S. v. Gailes, 118 F.4th 822, 827 (6th Cir. 2024) ("Domestic-violence convictions generally involve some sort of physical force," and, "[w]hen the presence of a gun accompanies the use of physical force, the likelihood that abuse turns to homicide greatly increases.") (citations omitted); U.S. v. Watson, 2025 WL 833246, *2 (6th Cir. Mar. 17, 2025) (the defendant's domestic violence conviction under Ohio law meant that he "caused or attempted to cause physical harm, or recklessly caused serious physical harm, to a family or

---

[3] The overwhelming consensus of experts and evidence notwithstanding, a segment of society remains committed to corporal punishment. Only the most extreme devotees, however, would countenance the conduct attributed to Defendant. *See* discussion *supra* (the factual predicate for his conviction was repeatedly lashing a three-year-old with a belt).

4

household member," thus supporting a finding of dangerousness under § 922(g)(1), as applied);

U.S. v. Vecera, 2025 WL 758808, *7 (W.D. Tex. Feb. 17, 2025) (disarmament was constitutional because the defendant pleaded guilty to a Texas criminal statute prohibiting the violation of a bond condition "designed to protect vulnerable family members").

Defendant's Motion (**Doc. 38**) is **DENIED**.[4]

IT IS SO ORDERED.

June 29, 2025

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[4] Defendant's lack of success on his as-applied challenge, of course, further demonstrates his inability to level a facial challenge.